# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01233-CMA-KLM

CHARLOTTE ROBERTS,

*Plaintiff*,

v.

AETNA LIFE INSURANCE COMPANY;
SUNGARD AVAILABILITY SERVICES, LP; and
SUNGARD AVAILABILITY SERVICES HEALTH & WELFARE PLANS,

*Defendants*.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Charlotte Roberts, through her counsel of record, McDermott Law, LLC, and Grant & Hoffman Law Firm, for her Complaint against Defendants Aetna Life Insurance Company and Sungard Availability Services, L.P., states and alleges as follows:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

### I.     JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) & (f).

3. This Court has personal jurisdiction over Defendant Aetna Life Insurance Company ("Aetna").

4. This Court has personal jurisdiction over Defendant Sungard Availability Services, LP ("Sungard").

5. This Court has personal jurisdiction over Defendant Sungard Availability Services Health & Welfare Plans (the "Sungard Plan").

6. Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. § 1132(e)(2).

## II. PARTIES

7. Plaintiff Charlotte Roberts is, and at all times pertinent was, a resident of the State of Colorado.

8. Aetna is a Connecticut corporation, with its principal place of business in Hartford, Connecticut.

9. Aetna is an insurance company registered with the Colorado Division of Insurance to conduct the business of insurance in the State of Colorado.

10. Sungard is a Pennsylvania corporation, with its principal place of business in Wayne, Pennsylvania.

11. Sungard conducts business in the State of Colorado.

12. The Sungard Plan is the Plan Administrator for the employee benefits that Sungard makes available to its employees, including the life insurance benefits at issue in this lawsuit

## III. GENERAL ALLEGATIONS

13. Sungard sponsors and administers an "employee benefit plan," as that term is defined by 29 U.S.C. § 1002(3).

14. Plaintiff's now-deceased husband, Daniel E. Roberts ("Mr. Roberts"), was an employee of Sungard and was a "participant," as that term is defined by 29 U.S.C. § 1002(7), in Sungard's employee benefit plan (the "Plan").

15. As part of the Plan, Sungard offered its employees both Basic Life Insurance benefits and Supplemental Life Insurance benefits, among other employee benefits.

16. Both life insurance benefits were secured by life insurance policies underwritten by Defendant Aetna (the "Policies"), and Mrs. Roberts was Mr. Roberts' designated beneficiary under the Policies.

17. The Policies were issued to Mr. Roberts after August 2008.

18. The Policies were issued to Mr. Roberts in Colorado.

19. Upon information and belief, the Sungard Plan acted as the Plan Administrator and Aetna acted as the Claim Administrator for the Plan and the Policies. As such, each was an "administrator" under 29 U.S.C. § 1002(16).

20. As the Plan sponsor, Sungard owed fiduciary duties to Mr. Roberts and his beneficiaries under the Plan and the Policies.

21. As the Plan Administrator, the Sungard Plan owed fiduciary duties to Mr. Roberts and his beneficiaries under the Plan and the Policies.

22. As the Claim Administrator, Aetna owed fiduciary duties to Mr. Roberts and his beneficiaries under the Plan and the Policies.

23. Mr. Roberts took an approved leave of absence from Sungard on August 18, 2016, and unfortunately never returned to working for Sungard.

24. By letter dated September 12, 2016, Sungard—exercising its fiduciary duties as the Plan sponsor—informed Mr. Roberts that to maintain his employee benefits during his leave, including the Policies (as well as Medical, Dental, Vision, and long-term disability benefits), he would need to remit payment to Sungard's Benefits Department in the amount of $581.34 on the first of each month, beginning October 1, 2016, with subsequent monthly payments due the first of each month thereafter until he returned to work.

25. On or before the first of each month from October 1, 2016, through his death on January 26, 2018, Mr. Roberts, as instructed, diligently remitted payment to Sungard's Benefits Department of $581.34.

26. Sungard negotiated each payment that Mr. Roberts submitted from October 1, 2016, through his death on January 26, 2018.

27. Upon information and belief, Sungard and/or the Sungard Plan used Mr. Roberts' monthly payments to pay to Aetna the premiums for his benefits, including the Policies, each month through the date of his death.

28. Alternatively, Sungard or the Sungard Plan failed to use Mr. Roberts' monthly payments to pay to Aetna the premiums for his benefits, including the Policies, each month through the date of his death.

29. Under the Policies, Sungard and/or the Sungard Plan was responsible for notifying "all eligible covered persons of their right to continue coverage pursuant to the continuation provisions in the Certificate and any law that applies; and provide notification to each covered person after termination of coverage of their conversion right," including notification that provided (1) a description of plans available; (2) premium rates; and (3) application forms. (Roberts Rec. 000349.)

30. Sungard and/or the Sungard Plan did not provide Mr. Roberts with notification that his coverage under the Policies had terminated.

31. Sungard and/or the Sungard Plan did not provide Mr. Roberts with notification of his conversion rights.

32. Sungard and/or the Sungard Plan did not provide Mr. Roberts with notice that described conversion plans available.

33. Sungard and/or the Sungard Plan did not provide Mr. Roberts with notice that provided premium rates for conversion plans.

34. Sungard and/or the Sungard Plan did not provide Mr. Roberts with application forms for any available conversion plans.

35. Upon information and belief, because Sungard and/or the Sungard Plan provided no such notices, Mr. Roberts' coverage under the Policies was never terminated.

36. After Mr. Roberts passed away, Mrs. Roberts submitted to Aetna a claim for benefits under the Policies.

37. By letter dated May 1, 2018, Aetna denied Mrs. Roberts' claim for benefits under the Policies, asserting that the Policies were not in force on the date of his death.

38. If the Policies were not in force on the date of Mr. Roberts' death, then either Sungard and/or the Sungard Plan did not remit Mr. Roberts' monthly premium payments to Aetna.

39. Alternatively, if the Policies were not in force on the date of Mr. Roberts' death, then Aetna did not properly apply the payments it received from Sungard and/or the Sungard Plan to the continuation of Mr. Roberts' premiums on the Policies.

40. In denying Mrs. Roberts' claim for benefits under the Policies, Aetna failed to fully and plainly explain her right to appeal and the potential consequences of not doing so in a timely manner.

41. By letter dated April 18, 2019, Mrs. Roberts, through counsel, requested Aetna to reconsider its denial of her claim for benefits under the Policies.

42. Aetna never objected to Mrs. Roberts' April 18, 2019, appeal as being untimely.

43. Aetna suffered no prejudice by the delayed submission of Mrs. Roberts' appeal, and any delay was of Aetna's own making.

44. Aetna never responded in writing to Mrs. Roberts' April 18, 2019, letter.

45. Aetna never considered the additional evidence presented to it in Mrs. Roberts' April 18, 2019, appeal letter and failed to conduct an adequate investigation of her appeal.

46. Aetna never issued a decision related to Mrs. Roberts' April 18, 2019, appeal letter.

47. Mr. and Mrs. Roberts have satisfied all conditions precedent to entitle Mrs. Roberts to receive benefits under the Policies.

48. Because Aetna acts as both the decision maker and the payor of benefits regarding Mrs. Roberts' claim, it suffers from an inherent conflict of interest.

49. Aetna placed its own interests ahead of hers.

50. Because Aetna acted in its own self-interest and because it lacks the neutrality and objectiveness of a fiduciary, its denial of Mrs. Roberts' claim is entitled to no deference.

51. Because Aetna rendered no decision on Mrs. Roberts' appeal, it is deemed denied and entitled to no deference.

52. This Court's review will be de novo.

## IV. FIRST CLAIM FOR RELIEF
### Against Aetna for Benefits Due Under ERISA Section 502(a)(1)(B)

53. Mrs. Roberts incorporates by reference all other paragraphs of this Complaint and Jury Demand.

54. Mrs. Roberts brings this action against Aetna under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), which provides a right to file a civil action to recover benefits due under the Policy.

55. The Policies are contracts of insurance.

56. Mr. Roberts paid to Sungard and/or the Sungard Plan the premiums for the Policies up until his death.

57. Plaintiff does not know, and Sungard and/or the Sungard Plan has not informed Plaintiff, whether the Sungard Defendants submitted those premium payments to Aetna to ensure the premiums on the Policies were paid up until Mr. Roberts' death.

58. The Sungard Defendants refusal to verify whether it did so constitutes a breach of fiduciary duty.

59. The evidence presented to Aetna establishes that Mrs. Roberts was and is entitled to benefits under the terms of the Policies.

60. Mrs. Roberts has satisfied all conditions precedent to receiving benefits under the Policy.

61. By the acts and omissions described herein, and through others likely to be uncovered through discovery, Aetna breached the terms of the Policy.

62. As a direct and proximate result of Aetna's breaches of the Policy, Mrs. Roberts has been denied benefits due to him since January 26, 2018.

63. Aetna's handling of Mrs. Roberts's claim for benefits and her appeal was attended by serious procedural irregularities.

64. Aetna ignored and/or unreasonably discredited information supporting Mrs. Roberts's entitlement to benefits under the Policies.

65. Mrs. Roberts brings this action to recover benefits (with interest) owed to her under the Policies.

66. Under 29 U.S.C. § 1132(g), Mrs. Roberts is entitled to an award of reasonable attorneys' fees and costs incurred in bringing this action.

## V. SECOND CLAIM FOR RELIEF
**Against Aetna, Sungard, and the Sungard Plan for Relief Under ERISA Section 502(a)(3)**

67. Mrs. Roberts incorporates by reference all other paragraphs of this Complaint and Jury Demand.

68. Mrs. Roberts brings this action against Aetna, Sungard, and the Sungard Planunder ERISA Section 502(a)(3) and 29 U.S.C. § 1132 (a)(3), which provides a right to file a civil action to (1)

enjoin any act or practice that violates ERISA or the terms of the Plan, and (2) obtain other appropriate equitable relief to redress violations of ERISA, the Plan, and/or the Policies.

69. Through the acts and omissions described throughout this Complaint, the Defendants, and each of them, violated multiple fiduciary duties owed to Mr. Roberts and his beneficiary under the Policies.

70. Through the acts and omissions described throughout this Complaint, the Defendants, and each of them, violated multiple provisions of ERISA and the terms of the Policies and the Plan.

71. By repeatedly violating their fiduciary duties, multiple provisions of ERISA, and the terms of the Policies and the Plan, Defendants knew or should have known they could cause irreparable financial harm to Mrs. Roberts.

72. Defendants, and each of them, are fiduciaries of the Plan for purposes of ERISA Section 401(a)(1) with authority to control and manage the operation and the administration of the Plan and the Policies.

73. By denying payment of compensable claims, while simultaneously earning substantial interest and/or return on equity from the unpaid benefits, Aetna placed its financial interests ahead of Mrs. Roberts' and received financial benefits in doing so.

74. Alternatively, by failing to remit Mr. Roberts' premium payments to Aetna, Sungard and/or the Sungard Plan, placed its financial interests ahead of Mrs. Roberts' and received financial benefits in doing so.

75. By the acts and omissions described throughout this Complaint, and through others likely to be learned through discovery, Defendants forced Mrs. Roberts to incur significant attorneys' fees.

76. By the acts and omissions described throughout this Complaint, and through others likely to be learned through discovery, Aetna denied Mrs. Roberts of a full and fair review of her claims and appeals.

77. By the acts and omissions described throughout this Complain, and through others likely to be learned through discovery, Sungard and/or the Sungard Plan denied Mrs. Roberts of the benefits she was entitled to under the Policies.

78. As Plan Sponsor (Sungard), Plan Administrator (the Sungard Plan), and Claim Administrator (Aetna) Defendants, and each of them, owe Mrs. Roberts an equitable duty to remedy and compensate her for the losses they caused her to suffer and when they breached their fiduciary obligations.

79. Under 29 U.S.C. § 1132(a)(3), Mrs. Roberts is entitled to equitable relief for the separate and distinct harms she suffered from Defendants' violations of ERISA, the Plan, and the Policies, and such equitable relief includes the following:

   a. Acceleration—an action advancing the breaching party's obligations under a contract—is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

   b. Accounting for profits—an action for equitable relief against a person in a fiduciary relationship to recover profits taken in a breach of the relationship—is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

   c. Disgorgement—an action seeking to have the court compel Aetna to return improperly gained profits—is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

   d. Injunctive relief is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

e. Reformation is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

f. Restitution—an action seeking an award of damages against a defendant that has been unjustly enriched at the Plaintiff's expense—is an equitable remedy available under 29 U.S.C. § 1132(a)(3); and

g. Surcharge—an award of money damages imposed on a fiduciary to ensure one who suffers a loss due to breaches of the fiduciary's duties—is an equitable remedy available under 29 U.S.C. § 1132(a)(3).

80. Mrs. Roberts also seeks to recover all awardable interest, attorneys' fees, and costs under 29 U.S.C. § 1132(g).

81. Mrs. Roberts is entitled to a bench trial under *de novo* review regarding he claims under 29 U.S.C. § 1132(a)(3).

## VI. THIRD CLAIM FOR RELIEF
**Against Sungard and the Sungard Plan for Interference Under 29 U.S.C. § 1140**

82. Mrs. Roberts incorporates by reference all other paragraphs of this Complaint and Jury Demand.

83. Mrs. Roberts brings this action against Sungard and the Sungard Plan under 29 U.S.C. § 1140 for interference with protected rights.

84. 29 U.S.C. § 1132(a)(3) allows a participant to bring an action to enforce "any provisions of this subchapter," which includes § 1140.

85. Mr. Roberts was a party to an insurance contract with Aetna, under which Aetna agreed to pay his beneficiary under the Policies in the event of his death.

86. Sungard and/or the Sungard Plan knew of Mr. Roberts' entitlement to the Policies.

87. Through the acts and omissions alleged throughout this Complaint and those likely to be uncovered through discovery, Sungard and/or the Sungard Plan interfered with Aetna's performance of the contract or intentionally caused Aetna to not perform its contractual obligations under the Policies.

88. Sungard's and/or the Sungard Plan's interference with the Policies was improper.

89. As a result of Sungard and/or the Sungard Plan's interference with the Policies, Mrs. Roberts has been damaged by denial of the benefits owed to her; being forced to incur additional costs to obtain the benefits owed to her; enduring the emotional trauma of being unnecessarily involved in a lawsuit with Aetna, Sungard, and the Sungard Plan; the adverse effect on her family's financial well-being from the denial of the benefits; and other damages to be proven at trial.

## VII. FOURTH CLAIM FOR RELIEF
### Against Sungard and the Sungard Plan for Civil Theft and Conversion

90. Mrs. Roberts incorporates by reference all other paragraphs of this Complaint and Jury Demand.

91. Mrs. Roberts brings this action against Sungard and the Sungard Plan under Colorado law for conversion and civil theft.

92. These claims are not governed by ERISA.

93. To the extent Sungard and/or the Sungard Plan accepted Mr. Roberts' monthly premium payments without using them to pay the premiums for the Policies and other employee benefits for which those payments were intended, they knowingly obtained control over Mr. Roberts' money without authorization, and it did so with the specific intent to permanently deprive him of the benefit of his money.

94. Neither Sungard nor the Sungard Plan have returned Mr. Roberts' premium payments.

95. If Sungard and/or the Sungard Plan did not use Mr. Roberts' monthly payments to pay the premiums on the Policies and other employee benefits, then they are liable to Mrs. Roberts

11

for the value of the Policies, as their wrongful acts and omissions caused the Policies to not be in force at the time of Mr. Roberts' passing.

96. Sungard's and/or the Sungard Plan's acceptance of Mr. Roberts' premium payments prevented him from obtaining replacement life insurance benefits through other means.

97. Under C.R.S. § 18-4-405, Mrs. Roberts is entitled to "three times the amount of the actual damages" she sustained as a result of Sungard's civil theft of Mr. Roberts' property.

98. Aetna's denial of Mrs. Roberts' claim for benefits under the Policies constitutes "actual damages" of Sungard's and/or the Sungard Plan's civil theft of Mr. Roberts' money.

99. Mrs. Roberts is entitled to recover three times the value of the Policies.

100. Mrs. Roberts is entitled to recover costs and attorneys' fees. C.R.S. § 18-4-405

**WHEREFORE**, Plaintiff, Charlotte Roberts, requests the Court to enter judgment in her favor and against Defendants, as follows:

  a) For all benefits due and owing under the Policies;
  b) For all pre- and post-judgment interest, statutory and moratory, as permitted by law;
  c) For all equitable relief permitted by law;
  d) For trebling of the actual damages suffered by Mrs. Roberts;
  e) For reasonable attorneys' fees and costs as permitted by law;
  f) For such other and further relief that this Court deems just and proper.

Respectfully submitted this 2nd day of February 2021,

*s/ Timothy M. Garvey*
Shawn E. McDermott, #21965
Timothy M. Garvey, #42668
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
303-964-1800 (t); 303-964-1900 (f)
shawn@mcdermottlaw.net
tim@mcdermottlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jack M. Englert, Jr.
Holland & Hart, LLP
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
jenglert@hollandhart.com
*Attorneys for Defendant Aetna*

Brian H. Benjet
DLA Piper LLP
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
brian.benjet@dlapiper.com

*Attorneys for the Sungard Defendants*

McDermott Law, LLC

*Valerie Bourgault*
Valerie Bourgault
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
*valerie@mcdermottlaw.net*